# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL McCARRIE and JEANE McCARRIE, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | No. 10-531 |
| GCA SERVICES GROUP, INC., et al., | : | |
| Defendants. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                         **APRIL 29, 2010**

Presently before the Court is the "Reply to Defendants' Notice of Removal and Request to Remand this Action to the Court of Common Pleas of Philadelphia County Pursuant to 28 U.S.C. §[]1447(c)" ("Motion to Remand") filed by Plaintiffs Daniel and Jeane McCarrie ("Plaintiffs"). For the reasons set forth below, Plaintiffs' Motion will be granted.

## I.    FACTS

On October 5, 2009, Plaintiffs initiated the instant matter by filing a Writ of Summons in the Court of Common Pleas of Philadelphia County, Pennsylvania. On January 6, 2010, Plaintiffs filed their Complaint, alleging, <u>inter alia</u>, that Daniel McCarrie sustained serious and permanent personal injuries as a result of contracting Legionnaires' disease in September or October of 2006 while working at the Peach Bottom Nuclear/Atomic Plant in York, Pennsylvania. (Notice of Removal, Ex. C ¶¶ 47, 84.)

Plaintiffs are citizens of Pennsylvania. (<u>Id.</u> ¶ 1.) The named Defendants and their respective states of citizenship, as alleged in the Complaint, are as follows: (1) GCA Services

Group, Inc. ("GCA") – Ohio (id. ¶ 2); (2) Sunstates Maintenance Corporation (a subsidiary of GCA) ("Sunstates") – Ohio (id. ¶ 3-4); (3) Exelon Corporation a/k/a and/or d/b/a Exelon Generation a/k/a and/or d/b/a Exelon Nuclear ("Exelon Corporation") – Pennsylvania (id. ¶ 5); (4) Exelon Generation a/k/a and/or d/b/a Exelon Generation Company, LLC (a subsidiary of Exelon Corporation) ("Exelon Generation") – Pennsylvania (id. ¶ 6-7); (5) Public Service Enterprise Group Incorporated ("PSEG Inc.") – New Jersey (id. ¶ 8); (6) Public Service Electric and Gas Co. a/k/a and/or d/b/a Public Service Electric and Gas of New Jersey a/k/a and/or d/b/a Public Service Electric and Gas of New Jersey Nuclear a/k/a and/or d/b/a Public Service Electric and Gas of New Jersey Nuclear, LLC (a subsidiary of PSEG Inc.) ("PSE&G Co.") – New Jersey (id. ¶ 9, 11); and (7) PSEG Power, LLC a/k/a and/or d/b/a Public Service Electric and Gas of New Jersey a/k/a and/or d/b/a Public Service Electric and Gas of New Jersey Nuclear a/k/a and/or d/b/a Public Service Electric and Gas of New Jersey Nuclear, LLC (a subsidiary of PSEG Inc.) ("PSEG Power, LLC") – New Jersey (id. ¶ 10, 12).[1]  Thus, according to Plaintiffs' Complaint, Plaintiffs, Exelon Corporation and Exelon Generation (collectively, the "Exelon Defendants") are all citizens of Pennsylvania.

In the Certificate of Service attached to Plaintiffs' Complaint, counsel for Plaintiffs states that a copy of the Complaint was "delivered via email and/or first class and/or certified mail receipt requested on January 6, 2010" to PSEG Inc., PSE&G Co., PSEG Power, LLC, Sunstates,

---

[1] The Complaint alleges where each corporate Defendant is registered and/or incorporated and where each corporate Defendant's principal place of business is located.  For the purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and its principal place of business.  28 U.S.C. § 1332(c)(1).

2

counsel for GCA and counsel for Exelon Defendants.[2]  (Id. at 28-29.)

On February 5, 2010, Defendants GCA and Sunstates filed their Notice of Removal, alleging that "at the time of Plaintiff, Daniel McCarrie's alleged contraction of Legionnaires' disease, he was employed by Exelon, and, accordingly, Plaintiffs' claims against Exelon are barred by the Pennsylvania Workers' Compensation Act, 77 P.S. §§ 1, et seq."  (Notice of Removal ¶ 10 (emphasis omitted).)  GCA and Sunstates further assert that "[a]t the January 6, 2010 Case Management Conference for the instant matter, Plaintiffs' demand for settlement was $400,000.00."  (Id. ¶ 14.)  Therefore, GCA and Sunstates argue that "[t]he instant action satisfies diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 insofar as all of the non-employer (i.e. Excelon [sic]) parties to this matter were of diverse citizenship at all times material hereto and the amount in controversy is in excess of $75,000.00."  (Id. ¶ 15.)

On March 4, 2010, Plaintiffs filed their Motion to Remand.  In their Motion, Plaintiffs allege that their "claims against Exelon are not barred by the Pennsylvania Workers' Compensation Act, 77 P.S. §§ 1, et seq., as no proof has been submitted to show that Mr. McCarrie was an employee of any of the named Exelon Defendants at the time of the alleged incident."  (Motion to Remand at unnumbered page 3 (emphasis omitted).)  However, neither Plaintiffs' Complaint nor their Motion to Remand contains an allegation either that Daniel McCarrie was not an employee of the Exelon Defendants or that he does not know who his employer was at the time of his alleged injury.

On March 18, 2010, GCA and Sunstates filed their Response in Opposition to Plaintiffs'

---

[2] According to the state court docket, on January 21, 2010, counsel for the Exelon Defendants filed an entry of appearance in the Court of Common Pleas on behalf of PSEG Inc., PSE&G Co. and PSEG Power, LLC.  (Notice of Removal, Ex. B at 10.)

Motion to Remand, asserting that "Plaintiffs do not argue that Mr. McCarrie was not employed by any of the Exelon Defendants, despite th[e] fact that Plaintiffs undoubtedly possess knowledge of whether Mr. McCarrie was employed by the Exelon Defendants at the time of the accident." (Resp. Opp. Motion to Remand at 2 (emphasis omitted).) GCA and Sunstates point out that Exhibit A to Plaintiffs' Motion to Remand is a letter from Plaintiffs' counsel dated June 25, 2009 which states: "I represent Exelon employee Daniel J. McCarrie . . . ." (Motion to Remand, Ex. A at 1.) GCA and Sunstates also note that Exhibit B to Plaintiffs' Motion to Remand is an email dated November 12, 2009 in which counsel for the Exelon Defendants states: "Based on a review of the file materials, it appears to me that [Daniel] McCarrie is [the Exelon Defendants'] employee." (Id., Ex. B at 1.)

On March 19, 2010, Plaintiffs filed a Reply to the Response filed by GCA and Sunstates. In their Reply, Plaintiffs argue for the first time that "[p]ursuant to the rule of unanimity, this matter should be remanded . . . . Particularly, the failure of all defendants to join in and/or consent to the Notice of Removal filed by defendants, GCA Services Group, Inc. and Sunstates Maintenance Corporation, creates a procedural defect and automatic remand." (Reply to Resp. at 1-2.) Plaintiffs also assert that while the answer to the question of whether the Exelon Defendants have been fraudulently joined "will not defeat the absence of unanimity required for removal," joinder of the Exelon Defendants in the instant action is not fraudulent. (Id. at 4.) To support their argument, Plaintiffs claim that "there are fifty-four (54) Exelon entities registered as corporations within the State of Pennsylvania" and that as a result, "it is impossible to determine [Daniel McCarrie's] employer." Plaintiffs further argue:

Without receipt of any type of verified answers to Plaintiffs' pleadings from the

4

> Exelon defendants, . . . counsel for Plaintiffs cannot truly understand who Mr. McCarrie's employer was at the time of his injury. . . . Based on the fact that this proof has not been produced, one can only assume that the Exelon defendants have not done so (or joined into the subject Notice of Removal) because they are, in fact, not Mr. McCarrie's employer. Moreover, even if Exelon Generation Company was Mr. McCarrie's employer on the date [of] the subject incident, Plaintiffs have filed suit against "Exelon Corporation a/k/a and/or d/b/a Exelon Generation a/k/a and/or d/b/a Exelon Nuclear," whose place of business is also located in Philadelphia, Pennsylvania. Finally, the legal analysis for who is deemed an employee[]. . . is rather complex[]. . . . In addition, Pennsylvania case law does not agree that the mere payment of worker's compensation benefits guarantees the payor of same immunity under Pennsylvania's the [sic] Worker's Compensation Act.

(Id. at 4-5 (emphasis omitted).)

On March 30, 2010, GCA and Sunstates filed a Sur-Reply to Plaintiffs' Reply. In their Sur-Reply, GCA and Sunstates argue that all Defendants have in fact consented to their Notice of Removal. (Sur-Reply at 2.) GCA and Sunstates further state that counsel for the Exelon Defendants advised them that he intended to file a Motion for Summary Judgment and accompanying affidavits stating: (1) that Daniel McCarrie was employed by Exelon Generation at the time of his alleged injury, and thus, his claims against Exelon Generation are barred by Pennsylvania's Workers' Compensation Act; and (2) that Exelon Corporation "is merely a holding company, and, accordingly, could not have acted so as to cause Plaintiffs' alleged injuries and damages." (Id. at 2-3.)

Also on March 30, 2010, we entered an Order affording the parties ten days to "provide the Court with affidavits or deposition testimony that address the issues contained in the Notice of Removal (Doc. No. 1), and the Response and Replies thereto." (March 30, 2010 Order at 1.)

On April 1, 2010, the Exelon Defendants filed their Motion for Summary Judgment. In their Motion, the Exelon Defendants allege: (1) that Daniel McCarrie was an hourly employee of

5

Exelon, and thus, his claims are barred by Pennsylvania's Workers' Compensation Act; and (2) that the loss of consortium claims of Jeane McCarrie are barred as well. (Mot. Summ. J. at 9-13.)

On April 7, 2010, GCA and Sunstates filed their Supplemental Memorandum of Law in Opposition to Plaintiffs' Motion to Remand, reiterating the same arguments set forth in their Sur-Reply to Plaintiffs' Reply. On April 12, 2010, Plaintiffs filed their Reply to GCA and Sunstates's Supplemental Memorandum of Law in Opposition to Plaintiffs' Motion to Remand. In their Reply, Plaintiffs again argue that Exelon Corporation, Exelon Generation and PSEG have yet to join in or consent to the Notice of Removal filed by GCA and Sunstates. Plaintiffs further assert that "'Exelon Corporation' [is a] 50% owner of the subject Peach Bottom Nuclear Generation Station, and 'Exelon Generation Company, LLC' [is] simply an operator/licensee of the plant." (Reply to Supp'l Mem. Opp. Mot. to Remand at 3 (emphasis omitted).)

On April 16, 2010, GCA and Sunstates filed their Second Supplemental Memorandum of Law in Opposition to Plaintiffs' Motion to Remand, arguing, <u>inter</u> <u>alia</u>, that Plaintiffs have failed to submit an affidavit from Daniel McCarrie which "either reveals the identity of his employer or asserts that he does not know the identity of his employer," but failing to revisit the unanimity issue. Finally, on April 22, 2010, Plaintiffs filed their Response to the Exelon Defendants' Motion for Summary Judgment, rephrasing the various arguments previously set forth in their prior filings with the Court.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). A

defendant seeking removal of an action must file a notice of removal with the district court within thirty days of plaintiff's service of the complaint upon defendant. See 28 U.S.C. § 1446(b). The defendant bears the burden of establishing removal jurisdiction and compliance with the relevant procedural requirements. Winnick v. Pratt, No. 03-1612, 2003 U.S. Dist. LEXIS 8523, at *3 (E.D. Pa. May 20, 2003) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)); see also Palmer v. Univ. of Med. and Dentistry of N.J., 605 F. Supp. 2d 624, 627 (D.N.J. 2009) ("A party opposing remand must show that removal was proper.").

Following removal, a plaintiff may move to remand the action back to state court. Cook v. Soft Sheen Carson, Inc., No. 08-1542, 2008 U.S. Dist. LEXIS 83145, at *4 (D.N.J. Oct. 15, 2008). Remand is appropriate if either the district court lacks subject matter jurisdiction or the removal process was defective. PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993). Once a plaintiff moves for remand, the burden remains on the defendant to "prove the propriety of removal, and any doubts about the existence of federal jurisdiction must be resolved in favor of remand." Lumbermans Mut. Cas. Co. v. Fishman, No. 99-929, 1999 U.S. Dist. LEXIS 14501, at *4 (E.D. Pa. Sep. 22, 1999) (citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992)); see also Boyer, 913 F.2d at 111 (stating that removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand") (quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

## III. DISCUSSION

As set forth above, the parties have raised numerous issues since GCA and Sunstates filed their Notice of Removal. However, in Consol Energy Inc. v. Berkshire Hathaway Inc., the Third Circuit stated that a federal court "does have some discretion 'to choose among threshold

grounds for denying audience to a case on the merits.'" 252 Fed. Appx. 481, 483 (3d Cir. 2007) (quoting Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 585 (1999)). The court in that case rejected the argument that "where a district court is presented with a fraudulently joined defendant, it is required to first dismiss that defendant in a threshold determination . . . ." Id. (internal quotation marks omitted). The court reasoned that "[s]ince the case was improperly removed due to the failure of unanimity, it would be unfair for [defendant] to benefit from the wrongful removal by having its motion . . . decided in a federal forum." Id. As such, if we find that as a threshold matter, the instant action was improperly removed due to the failure of unanimity, we need not consider the parties' remaining arguments.

Federal courts have diversity jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). The statute governing removal, 28 U.S.C. § 1446, "has been construed to require that when there is more than one defendant, all must join in the removal petition . . . ." Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985) (citation omitted). This requirement that all defendants agree to the removal is known as the "rule of unanimity" or "unanimity rule." N. Penn Water Auth. v. BAE Sys., No. 04-5030, 2005 U.S. Dist. LEXIS 10210, at *15 (E.D. Pa. May 25, 2005); see also Balazik v. County of Dauphin, 44 F.3d 209, 213 n.4 (3d Cir. 1995). Defendants may establish unanimity either by jointly filing the notice of removal or by consenting to the removal in separate filings. Weinrach v. White Metal Rolling and Stamping Corp., No. 98-3293, 1999 U.S. Dist. LEXIS 168, at *2 (E.D. Pa. Jan. 6, 1999). In order for consent to be effective, it must not only be expressed in writing, but timely-filed as well. The Knit With v. Aurora Yarns, No. 09-5981, 2010 U.S. Dist. LEXIS 22592, at *31 (E.D. Pa. Mar. 11, 2010). For consent to "timely-filed," all

defendants must act to confer consent within the thirty-day period set forth in 28 U.S.C. § 1446(b). Id. Moreover, "[t]he 30 day limitation of [s]ection 1446 whereby defendants must file or join in a notice of removal 'is mandatory and the court is without authority to expand it.'" Alves v. Eagle Crane Servs., Inc., No. 05-6699, 2006 U.S. Dist. LEXIS 21042, at *9 (E.D. Pa. Apr. 19, 2006) (quoting Ogletree v. Barnes, 851 F. Supp. 184, 190 (E.D. Pa. 1994)). The failure of all defendants to effectively consent to removal creates a "defect in removal procedure" within the meaning of § 1447(c). See Balazik, 44 F.3d at 213.

There are four exceptions to the rule of unanimity. First, the rule is not applicable to any defendant who has not been served with or otherwise received the complaint at the time of removal. Reeser v. NGK Metals Corp., 247 F. Supp. 2d 626, 631 (E.D. Pa. 2003). Second, nominal parties need not consent. Page v. City of Phila., No. 08-4193, 2008 U.S. Dist. LEXIS 86675, at *7 n.1 (E.D. Pa. Oct. 21, 2008) (citations omitted). Third, the rule does not apply to parties that have been fraudulently joined. Id. Finally, under 28 U.S.C. § 1441(c), "defendants to pure state law claims need not consent if the complaint contains 'separate and independent' claims [within the jurisdiction conferred by 28 U.S.C. § 1331 (federal question)] against removing parties . . . ." Id.; see also 28 U.S.C. § 1441(c).

As mentioned, in the Certificate of Service attached to Plaintiffs' Complaint, counsel for Plaintiffs states that a copy of the Complaint was "delivered via email and/or first class and/or certified mail receipt requested on January 6, 2010" to PSEG Inc., PSE&G Co., PSEG Power, LLC, Sunstates, counsel for GCA and counsel for Exelon Defendants. GCA and Sunstates filed their Notice of Removal on February 5, 2010, thirty days after the date which Plaintiffs' counsel asserts the Complaint was delivered to Defendants. GCA and Sunstates's Notice of Removal

9

does not state whether the other Defendants have joined in the removal. The only indications that the Exelon Defendants, PSEG Inc., PSE&G Co. and PSEG Power, LLC have consented to the removal are: (1) the statement in GCA and Sunstates's March 30th Sur-Reply that all Defendants have consented to their Notice of Removal; and (2) the fact that the Exelon Defendants filed a Motion for Summary Judgment in this Court on April 1, 2010. However, as stated in <u>The Knit With</u>: (1) "one defendant's attempt to speak on behalf of another defendant will not suffice"; and (2) "the mere filing of a motion . . . by a non-joining defendant does not either explicitly or implicitly evince consent sufficient to satisfy § 1446(b)." 2010 U.S. Dist. LEXIS 22592, at *32 (quotation marks and citations omitted).

Because the Exelon Defendants, PSEG Inc., PSE&G Co. and PSEG Power, LLC have all failed to consent to the removal in writing within the thirty-day period set forth in 28 U.S.C. § 1446(b), remand to state court is appropriate unless any of the four exceptions to the rule of unanimity apply to the non-consenting Defendants. GCA, Sunstates and the Exelon Defendants have repeatedly asserted that the Exelon Defendants have been fraudulently joined. However, Defendants have failed to allege that any of the four exceptions to the rule of unanimity apply to PSEG Inc., PSE&G Co. or PSEG Power, LLC, and in fact, none of these exceptions do apply. Plaintiffs allege in their Complaint, <u>inter alia</u>, that in September and October 2006, PSEG Inc., PSE&G Co. and PSEG Power, LLC "owned, possessed, and/or controlled property . . . located at the Peach Bottom Nuclear/Atomic Plant" (Compl. ¶¶ 22-26) and that Daniel McCarrie sustained damages resulting from the "negligence, carelessness, and/or recklessness" of PSEG Inc., PSE&G Co. and PSEG Power, LLC (Compl. ¶ 83). Thus, in resolving all doubts in favor of remand, we conclude that PSEG Inc., PSE&G Co. and PSEG Power, LLC: (1) are not nominal

parties; (2) have not been fraudulently joined; and (3) are not defendants to pure state law claims where the "complaint contains 'separate and independent' claims [within the jurisdiction conferred by 28 U.S.C. § 1331 (federal question)] against removing parties . . . ." Page, 2008 U.S. Dist. LEXIS 86675, at *7 n.1; see also 28 U.S.C. § 1441(c).  Additionally, the record indicates that PSEG Inc., PSE&G Co. and PSEG Power, LLC had been served with or otherwise received the Plaintiffs' Complaint at the time of removal.  As such, we find that the removing Defendants have failed to satisfy the rule of unanimity, and therefore, remand is appropriate under 28 U.S.C. § 1447(c).  Further, we will deny the Exelon Defendants' Motion for Summary Judgment as moot.

      An appropriate Order follows.